UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

EDWARD WEBER,

**PLAINTIFF'S COUNTER-
STATEMENT OF MATERIAL
FACTS TO DEFENDANTS'
<u>RULE 56.1 STATEMENT</u>**

Plaintiff,

-against-

CITY OF NEW YORK; NEW YORK CITY
DEPARTMENT OF EDUCATION; LASHAWN
ROBINSON, as Principal of Brownsville Academy
High School (BAHS); LANA PHILLIPS, as Assistant
Principal of BAHS; and KATWONA WARREN, as
Assistant Principal of BAHS,

11-cv-5083 (MKB) (CLP)

Defendants.

-------------------------------------------------------------x

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Plaintiff EDWARD

WEBER submits herewith his counterstatement of material facts:

1.      Plaintiff does not dispute paragraph 1.

2.      Plaintiff does not dispute paragraph 2.

3.      Plaintiff does not dispute paragraph 3.

4.      Plaintiff does not dispute the first sentence in the Statement of Material Fact, but

Plaintiff objects to the second sentence as too general, misrepresenting material facts involved in

the relationship between Plaintiff and Principal Nabors, and refers to the deposition transcript for

a true and accurate statement of its contents.

5.     Plaintiff does not dispute the first clause of the Statement of Material Fact, but disputes the second clause to the extent it is Principal Robinson's subjective self-serving characterization of her own school.

6.     Plaintiff disputes the Statement of Material Fact to the extent it is Principal Robinson's subjective self-serving characterization of her own school.

7.     Plaintiff disputes the Statement of Material Fact to the extent it is Principal Robinson's subjective self-serving characterization of her own school.

8.     Plaintiff disputes the Statement of Material Fact to the extent it is Principal Robinson's subjective self-serving characterization of her own school, and Plaintiff perceives from his own experience that the number of students who actually attend BAHS is significantly lower than reported.

9.     Plaintiff disputes the Statement of Material Fact to the extent it is Principal Robinson's subjective self-serving characterization of her own school, and notes that "scholars" is a self-serving term specifically chosen by former Principal Nabors and continued by Principal Robinson to inflate the perception of the school.

10.     Plaintiff does not dispute the first sentence in the Statement of Material Fact, but Plaintiff objects to the second sentence as not accurate, as Plaintiff worked at the school before Principal Robinson arrived.

11.     Plaintiff does not dispute this Statement of Material Fact.

12.     Plaintiff does not have sufficient knowledge or belief to dispute or admit to this Statement of Material Fact, but does not dispute that the principal has no teaching experience or experience teaching chemistry.

13.     Plaintiff does not dispute this Statement of Material Fact.

14.     Plaintiff disputes this Statement of Material Fact to the extent there is no evidence suggesting Plaintiff ever received or signed for the document at issue and has no recollection of ever receiving such a document.

15.     Plaintiff does not dispute the existence of the document referenced but affirmatively states that he received a Satisfactory end of year rating for the 2005-06 school year.

16.     Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterization of his behavior written by the document's author.

17.     Plaintiff does not dispute the existence of the document but notes that it was rated a Satisfactory lesson, and that administrator observations typically have commendations and suggestions for improvement.

18.     Plaintiff does not dispute this Statement of Material Fact.

19.     Plaintiff does not have sufficient knowledge or belief to dispute or admit to this Statement of Material Fact.

20.     Plaintiff does not have sufficient knowledge or belief to dispute or admit to this Statement of Material Fact.

21.     Plaintiff does not have sufficient knowledge or belief to dispute or admit to this Statement of Material Fact, but notes that Assistant Principal (AP) Phillips admittedly has no background teaching the science subject of chemistry.

22.     Plaintiff objects this Statement of Material Fact as too general, misrepresenting material facts involved in the relationship between Plaintiff and AP Phillips, and refers to the deposition transcript for a true and accurate statement of its contents.

23.     Plaintiff does not dispute this Statement of Material Fact.

24.     Plaintiff does not dispute this Statement of Material Fact.

25.     Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterization of his behavior written by the document's author.

26.     Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterization of his behavior written by the document's author.

27.     Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterization of his behavior written by the document's author.

28.     Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterization of his behavior written by the document's author.

29.     Plaintiff does not dispute the existence of the documents but does not agree with the self-serving characterization written by the document's author.

30.     Plaintiff does not dispute the existence of the documents but does not agree with the self-serving characterization written by the document's author.

31.     Plaintiff does not have sufficient knowledge or belief to dispute or admit to this Statement of Material Fact, but does recall Ms. Robinson taking over as Principal in 2007-08.

32.     Plaintiff does not dispute the existence of the documents but does not agree with the self-serving characterization written by the document's author.

33.     Plaintiff does not dispute this Statement of Material Fact.

34.     Plaintiff does not dispute this Statement of Material Fact.

35.     Plaintiff does not dispute the existence of the documents but does not agree with the self-serving characterization written by the document's author.

36.     Plaintiff objects to this Statement of Material Facts and refers to the deposition transcript for a true and accurate statement of its contents.

37.     Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author.

38.     Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author.

39.     Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author.

40.     Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author.

41.     Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author.

42.     Plaintiff objects to this Statement of Material Facts and refers to the deposition transcript for a true and accurate statement of its contents.

43.     Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author.

44.     Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author.

45.     Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author.

46.     Plaintiff has not received a document batestamped NYC 0208 to which he is able to respond.

47.     Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author.

48.     Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author.

49.     Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author.

50.     Plaintiff does not dispute the Statement of Material Fact, but notes that Principal Robinson self-servingly denied the grievance against her Assistant Principal.

51.     Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author.

52.     Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author.

53.     Plaintiff does not dispute the existence of the document but does not necessarily agree with all of the self-serving characterizations written by the document's author.

54.     Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author.

55.     Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author.  Plaintiff also asserts that the administration actively discouraged Plaintiff's students from sitting for the Regents examination.

56.     Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author.

57.     Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author, and notes that Plaintiff was never provided a roster for that class and was in fact absolved of a disciplinary charge based on this alleged incident in the 3020-a decision.

58.     Plaintiff objects to this Statement of Material Fact and refers to the transcripts for a true and accurate statement of its contents, and notes that the basis for this disciplinary charge was dismissed by the hearing officer in the Section 3020-a proceeding.

59.     Plaintiff does not dispute the existence of the document but does not necessarily agree with all of the self-serving characterizations written by the document's author, and notes that the basis for this disciplinary charge was dismissed by the hearing officer in the Section 3020-a proceeding.

60.     Plaintiff does not dispute the existence of the document but does not necessarily agree with all of the self-serving characterizations written by the document's author, and notes that the basis for this disciplinary charge was dismissed by the hearing officer in the Section 3020-a proceeding.

61.     Plaintiff does not dispute the existence of the document but does not necessarily agree with all of the self-serving characterizations written by the document's author, and notes that the basis for this disciplinary charge was dismissed by the hearing officer in the Section 3020-a proceeding.

62.     Plaintiff does not dispute the existence of the document but does not necessarily agree with all of the self-serving characterizations written by the document's author, and notes that the basis for this disciplinary charge was dismissed by the hearing officer in the Section 3020-a proceeding.

63.     Plaintiff does not dispute the existence of the documents, and notes that the basis for this disciplinary charge was dismissed by the hearing officer in the Section 3020-a proceeding.

64.     Plaintiff does not dispute the existence of the documents, and notes that the basis for this disciplinary charge was dismissed by the hearing officer in the Section 3020-a proceeding.

65.     Plaintiff does not dispute the existence of the document but does not necessarily agree with all of the self-serving characterizations written by the document's author

66.     Plaintiff does not dispute the existence of the document but does not necessarily agree with all of the self-serving characterizations written by the document's author.

67.     Plaintiff does not dispute the existence of the document but does not necessarily agree with all of the self-serving characterizations written by the document's author.

68.     Plaintiff does not dispute the existence of the document but does not necessarily agree with all of the self-serving characterizations written by the document's author.

69.     Plaintiff does not dispute the existence of the document but does not necessarily agree with all of the self-serving characterizations written by the document's author.

70.     Plaintiff does not dispute the existence of the document but does not necessarily agree with all of the self-serving characterizations written by the document's author.

71.     Plaintiff does not dispute this Statement of Material Fact but notes that this is a biased appeals process controlled strictly by the DOE chancellor and his appointees.

72.     Plaintiff does not dispute this Statement of Material Fact but notes that this is a biased appeals process controlled strictly by the DOE chancellor and his appointees.

73.     Plaintiff does not dispute this Statement of Material Fact but notes that this is a biased appeals process controlled strictly by the DOE chancellor and his appointees and Plaintiff does not agree with the self-serving characterizations of his performance in this paragraph.

74. Plaintiff does not dispute this Statement of Material Fact but notes that this is a biased appeals process controlled strictly by the DOE chancellor and his appointees and Plaintiff does not agree with the self-serving characterizations of his performance in this paragraph.

75. Plaintiff does not dispute this Statement of Material Fact.

76. Plaintiff does not dispute this Statement of Material Fact.

77. Plaintiff lacks sufficient knowledge or information to deny or admit what the State Supreme Court justice reviewed, but notes that the standard for overturning a U-rating appeal in the Courts is very limited.

78. Plaintiff does not dispute the existence of the document but does not necessarily agree with all of the characterizations made in the Statement of Material Fact.

79. Plaintiff does not dispute the existence of the document but does not necessarily agree with all of the characterizations made in the Statement of Material Fact.

80. Plaintiff does not dispute the existence of the document but does not necessarily agree with all of the characterizations made in the Statement of Material Fact, and notes that he believes the statement was said either off the record or was modified by the NYCDOE who controls the tape-recording process.

81. Plaintiff disputes this Statement of Material Fact and notes that the basis for this disciplinary charge was dismissed by the neutral hearing officer in the Section 3020-a proceeding as well as found unsubstantiated by the NYCDOE's OEO office and is conclusive evidence of retaliation by school administration towards Plaintiff, commenced within two weeks of his filing of his SDHR discrimination complaint against the school administration, and further notes that the students at issue were not presented by the DOE as witnesses at Plaintiff's Section 3020-a trial.

82. Plaintiff disputes this Statement of Material Fact and notes that the basis for this disciplinary charge was dismissed by the neutral hearing officer in the Section 3020-a proceeding as well as found unsubstantiated by the DOE's OEO office and is conclusive evidence of retaliation by school administration towards Plaintiff, commenced within two weeks of his filing of his SDHR discrimination complaint against the school administration, and further notes that the students at issue were not presented by the NYCDOE as witnesses at Plaintiff's Section 3020-a trial.

83. Plaintiff disputes this Statement of Material Fact and notes that the basis for this disciplinary charge was dismissed by the neutral hearing officer in the Section 3020-a proceeding as well as found unsubstantiated by the NYCDOE's OEO office and is conclusive evidence of retaliation by school administration towards Plaintiff, commenced within two weeks of his filing of his SDHR discrimination complaint against the school administration, and further notes that the students at issue were not presented by the NYCDOE as witnesses at Plaintiff's Section 3020-a trial.

84. Plaintiff disputes this Statement of Material Fact and notes that the basis for this disciplinary charge was dismissed by the neutral hearing officer in the Section 3020-a proceeding as well as found unsubstantiated by the NYCDOE's OEO office and is conclusive evidence of retaliation by school administration towards Plaintiff, commenced within two weeks of his filing of his SDHR discrimination complaint against the school administration, and further notes that the students at issue were not presented by the NYCDOE as witnesses at Plaintiff's Section 3020-a trial.

85. Plaintiff disputes this Statement of Material Fact and notes that the basis for this disciplinary charge was dismissed by the neutral hearing officer in the Section 3020-a

proceeding as well as found unsubstantiated by the NYCDOE's OEO office and is conclusive evidence of retaliation by school administration towards Plaintiff, commenced within two weeks of his filing of his SDHR discrimination complaint against the school administration, and further notes that the students at issue were not presented by the NYCDOE as witnesses at Plaintiff's Section 3020-a trial.

86.     Plaintiff disputes this Statement of Material Fact and notes that the basis for this disciplinary charge was dismissed by the neutral hearing officer in the Section 3020-a proceeding as well as found unsubstantiated by the NYCDOE's OEO office and is conclusive evidence of retaliation by school administration towards Plaintiff, commenced within two weeks of his filing of his SDHR discrimination complaint against the school administration, and further notes that the student's mother at issue was not presented by the NYCDOE as a witness at Plaintiff's Section 3020-a trial.

87.     Plaintiff lacks sufficient knowledge or information regarding this Statement of Material Fact but notes that the basis for this disciplinary charge was dismissed by the neutral hearing officer in the Section 3020-a proceeding as well as found unsubstantiated by the DOE's OEO office and is conclusive evidence of retaliation by school administration towards Plaintiff, commenced within two weeks of his filing of his SDHR discrimination complaint against the school administration, and further notes that the student's mother at issue was not presented by the NYCDOE as a witness at Plaintiff's Section 3020-a trial.

88.     Plaintiff lacks sufficient knowledge or information regarding this Statement of Material Fact but notes that the basis for this disciplinary charge was dismissed by the neutral hearing officer in the Section 3020-a proceeding as well as found unsubstantiated by the DOE's OEO office and is conclusive evidence of retaliation by school administration towards Plaintiff,

commenced within two weeks of his filing of his SDHR discrimination complaint against the school administration, and further notes that the student's mother at issue was not presented by the NYCDOE as witnesses at Plaintiff's Section 3020-a trial.

89.     Plaintiff does not dispute this Statement of Material Fact and further appreciates the DOE's honesty in acknowledging the utterly ridiculous retaliatory nature of these allegations on the heels of Plaintiff filing a discrimination complaint against school administration.

90.     Plaintiff does not dispute the existence of the document but notes that there was a previous formal observation by AP Phillips and Principal Robinson in the fall of 2010 that he was told was Satisfactory by these administrators and was never written up.

91.     Plaintiff does not dispute this Statement of Material Fact but notes that this observation comes within weeks of his filing an SDHR complaint against administration.

92.     Plaintiff does not dispute the existence of this document but does not agree with the self-serving characterizations of his performance written by the document's author.

93.     Plaintiff does not dispute the existence of this document but does not agree with the self-serving characterizations of his performance and behavior written by the document's author.

94.     Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations of his performance written by the document's author.

95.     Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations of his behavior written by the document's author out of context to what actually transpired.

96.     Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations of his performance written by the document's author.

97.     Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations of his performance written by the document's author and notes that this second observation also comes within weeks of his filing an SDHR complaint against administration.

98.     Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations of his performance written by the document's author and notes that this second observation also comes within weeks of his filing an SDHR complaint against administration.

99.     Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations of his performance written by the document's author but notes that this second observation also comes within weeks of his filing an SDHR complaint against administration.

100.    Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations of his performance written by the document's author and notes that this second observation also comes within weeks of his filing an SDHR complaint against administration.

101.    Plaintiff does not dispute this Statement of Material Fact but notes that this second observation also comes within weeks of his filing an SDHR complaint against administration.

102.    Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations of his performance written by the document's author and notes that this second observation also comes within weeks of his filing an SDHR complaint against administration.

103.    Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations of his performance written by the document's author and notes that this second observation also comes within weeks of his filing an SDHR complaint against administration, and that Plaintiff never received any log of assistance targeted to teaching chemistry specifically.

104.    Plaintiff does not dispute this Statement of Material Fact.

105.    Plaintiff does not dispute this Statement of Material Fact.

106.    Plaintiff does not dispute the existence of the document, but has provided no conclusive evidence that Principal Robinson was not previously aware of the filing of the SDHR complaint through other channels within the DOE, and further states that Exhibit 1 to the accompanying Glass Declaration demonstrates that DOE Legal was notified of the SDHR complaint by November 28, 2010.  See SDHR "Event History with Comments," Exhibit 1 to Glass Declaration.

107.    Plaintiff does not dispute this Statement of Material Fact.

108.    Plaintiff does not dispute this Statement of Material Fact.

109.    Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations of his performance written by the document's author.

110.    Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations of his performance and behavior written by the document's author.

111.    Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations of his performance and behavior written by the document's author.

112.     Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations of his performance and behavior written by the document's author.

113.     Plaintiff does not dispute the existence of the document but does not necessarily agree with all of the self-serving characterizations of his performance and behavior written by the document's author.

114.     Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations of his performance and behavior written by the document's author.

115.     Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author.

116.     Plaintiff does not dispute the existence of the document and notes that the PIP Plus program has been used as a weapon against tenured teachers in which, upon information and belief, any teacher who has consented to be admitted into the program has been judged incompetent by the DOE-hired peer intervenors.

117.     Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations of his performance and behavior written by the document's author.

118.     Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author.

119.     Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author.

120.     Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author.

121.     Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author.

122.     Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author.

123.     Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author.

124.     Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author.

125.     Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author.

126.     Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author.

127.     Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author.

128.     Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author.

129.     Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author.

130.     Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author.

131.    Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author.

132.    Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author.

133.    Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author.

134.    Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author.

135.    Plaintiff lacks sufficient knowledge or information regarding this Statement of Material Fact but notes that the basis for this disciplinary charge was dismissed by the neutral hearing officer in the Section 3020-a proceeding and is conclusive evidence of retaliation by school administration towards Plaintiff, commenced after his filing of his SDHR discrimination complaint against the school administration, and further notes that the student was not presented by the NYCDOE as a witness at Plaintiff's Section 3020-a trial.

136.    Plaintiff lacks sufficient knowledge or information regarding this Statement of Material Fact but notes that the basis for this disciplinary charge was dismissed by the neutral hearing officer in the Section 3020-a proceeding and is conclusive evidence of retaliation by school administration towards Plaintiff, commenced after his filing of his SDHR discrimination complaint against the school administration, and further notes that the student was not presented by the DOE as a witness at Plaintiff's Section 3020-a trial.

137.    Plaintiff lacks sufficient knowledge or information regarding this Statement of Material Fact but notes that the basis for this disciplinary charge was dismissed by the neutral hearing officer in the Section 3020-a proceeding and is conclusive evidence of retaliation by

school administration towards Plaintiff, commenced after his filing of his SDHR discrimination complaint against the school administration, and further notes that the student was not presented by the DOE as a witness at Plaintiff's Section 3020-a trial.

138.   Plaintiff lacks sufficient knowledge or information regarding this Statement of Material Fact but notes that the basis for this disciplinary charge was dismissed by the neutral hearing officer in the Section 3020-a proceeding and is conclusive evidence of retaliation by school administration towards Plaintiff, commenced after his filing of his SDHR discrimination complaint against the school administration, and further notes that the student was not presented by the DOE as a witness at Plaintiff's Section 3020-a trial.

139.   Plaintiff lacks sufficient knowledge or information regarding this Statement of Material Fact but notes that the basis for this disciplinary charge was dismissed by the neutral hearing officer in the Section 3020-a proceeding and is conclusive evidence of retaliation by school administration towards Plaintiff, commenced after his filing of his SDHR discrimination complaint against the school administration, and further notes that the student was not presented by the NYCDOE as a witness at Plaintiff's Section 3020-a trial.

140.   Plaintiff lacks sufficient knowledge or information regarding this Statement of Material Fact but notes that the basis for this disciplinary charge was dismissed by the neutral hearing officer in the Section 3020-a proceeding and is conclusive evidence of retaliation by school administration towards Plaintiff, commenced after his filing of his SDHR discrimination complaint against the school administration, and further notes that the student was not presented by the DOE as a witness at Plaintiff's Section 3020-a trial.

141.   Plaintiff lacks sufficient knowledge or information regarding this Statement of Material Fact but notes that the basis for this disciplinary charge was dismissed by the neutral

hearing officer in the Section 3020-a proceeding and is conclusive evidence of retaliation by school administration towards Plaintiff, commenced after his filing of his SDHR discrimination complaint against the school administration, and further notes that the student was not presented by the DOE as a witness at Plaintiff's Section 3020-a trial.

142.    Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author.

143.    Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author.

144.    Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author.

145.    Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author.

146.    Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author.

147.    Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author.

148.    Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author.

149.    Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author.

150.    Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author.

151. Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author.

152. Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author and notes that the incidents led to disciplinary specifications that were dismissed by the Section 3020-a hearing officer against Plaintiff.

153. Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author and notes that the incidents led to disciplinary specifications that were dismissed by the Section 3020-a hearing officer against Plaintiff.

154. Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author and notes that the incidents led to disciplinary specifications that were dismissed by the Section 3020-a hearing officer against Plaintiff.

155. Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author and notes that the incidents led to disciplinary specifications that were dismissed by the Section 3020-a hearing officer against Plaintiff.

156. Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author and notes that the incidents led to disciplinary specifications that were dismissed by the Section 3020-a hearing officer against Plaintiff.

157.    Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author and notes that the incidents led to disciplinary specifications that were dismissed by the Section 3020-a hearing officer against Plaintiff.

158.    Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author and notes that the incidents led to disciplinary specifications that were dismissed by the Section 3020-a hearing officer against Plaintiff.

159.    Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author and notes that the incidents led to disciplinary specifications that were dismissed by the Section 3020-a hearing officer against Plaintiff.

160.    Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author and notes that the incidents led to disciplinary specifications that were dismissed by the Section 3020-a hearing officer against Plaintiff.

161.    Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author and notes that the incidents led to disciplinary specifications that were dismissed by the Section 3020-a hearing officer against Plaintiff.

162.    Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author.

163.    Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author.

164.    Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author.

165.    Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author.

166.    Plaintiff lacks sufficient knowledge or information regarding this Statement of Material Fact but notes that the basis for this disciplinary charge was dismissed by the neutral hearing officer in the Section 3020-a proceeding and is conclusive evidence of retaliation by school administration towards Plaintiff, commenced after his filing of his SDHR discrimination complaint against the school administration, and further notes that the student and parent were not presented by the DOE as witnesses at Plaintiff's Section 3020-a trial.

167.    Plaintiff lacks sufficient knowledge or information regarding this Statement of Material Fact but notes that the basis for this disciplinary charge was dismissed by the neutral hearing officer in the Section 3020-a proceeding and is conclusive evidence of retaliation by school administration towards Plaintiff, commenced after his filing of his SDHR discrimination complaint against the school administration, and further notes that the student and parent were not presented by the DOE as witnesses at Plaintiff's Section 3020-a trial.

168.    Plaintiff does not dispute the existence of the document but does not agree with the self-serving characterizations written by the document's author, and notes that the basis for this disciplinary charge was dismissed by the neutral hearing officer in the Section 3020-a proceeding and is conclusive evidence of retaliation by school administration towards Plaintiff, commenced after his filing of his SDHR discrimination complaint against the school

administration, and further notes that the student and parent were not presented by the DOE as witnesses at Plaintiff's Section 3020-a trial.

169. Plaintiff lacks sufficient knowledge or information regarding this Statement of Material Fact.

170. Plaintiff lacks sufficient knowledge or information regarding this Statement of Material Fact, but understands that Principal Robinson initiated the charges by recommending them being brought against him by the NYCDOE Legal Department.

171. Plaintiff lacks sufficient knowledge or information regarding this Statement of Material Fact.

172. Plaintiff lacks sufficient knowledge or information regarding this Statement of Material Fact but acknowledges he did receive the document referenced therein.

173. Plaintiff does not dispute this Statement of Material Fact.

174. Plaintiff does not dispute this Statement of Material Fact, and refers to the document for a true and accurate statement of its contents.

175. Plaintiff does not dispute this Statement of Material Fact, and refers to the document for a true and accurate statement of its contents.

176. Plaintiff does not dispute this Statement of Material Fact, and refers to the document for a true and accurate statement of its contents.

177. Plaintiff does not dispute this Statement of Material Fact, and refers to the document for a true and accurate statement of its contents.

178. Plaintiff does not dispute this Statement of Material Fact, and refers to the document for a true and accurate statement of its contents.

179. Plaintiff does not dispute this Statement of Material Fact.

180.     Plaintiff does not dispute this Statement of Material Fact.

181.     Plaintiff lacks sufficient knowledge or information regarding this Statement of Material Fact but acknowledges he did receive the document referenced therein.

182.     Plaintiff does not dispute that he was transferred or the existence of the document referenced therein, but it is based on the self-serving testimony of the author who is a defendant in this action.

183.     Plaintiff does not dispute the existence of the document referenced therein but states that he was assigned to another teaching assignment rather than an administrative assignment.

184.     Plaintiff does not dispute this Statement of Material Fact.

185.     Plaintiff lacks sufficient knowledge or information regarding this Statement of Material Fact.

186.     Plaintiff lacks sufficient knowledge or information regarding this Statement of Material Fact.

187.     Plaintiff does not dispute this Statement of Material Fact.

188.     Plaintiff does not dispute this Statement of Material Fact.

189.     Plaintiff does not dispute this Statement of Material Fact.

190.     Plaintiff does not dispute this Statement of Material Fact.

191.     Plaintiff does not dispute this Statement of Material Fact and refers to the 3020-a decision for a true and accurate statement of its contents.

192.     Plaintiff does not dispute this Statement of Material Fact and refers to the 3020-a decision for a true and accurate statement of its contents.

193.   Plaintiff does not dispute this Statement of Material Fact and refers to the 3020-a decision for a true and accurate statement of its contents.

194.   Plaintiff does not dispute this Statement of Material Fact and refers to the 3020-a decision for a true and accurate statement of its contents.

195.   Plaintiff does not dispute this Statement of Material Fact and refers to the 3020-a decision for a true and accurate statement of its contents.

196.   Plaintiff does not dispute this Statement of Material Fact and refers to the 3020-a decision for a true and accurate statement of its contents.

197.   Plaintiff does not dispute this Statement of Material Fact and refers to the 3020-a decision for a true and accurate statement of its contents.

198.   Plaintiff does not dispute this Statement of Material Fact and refers to the 3020-a decision for a true and accurate statement of its contents.

199.   Plaintiff disputes this Statement of Material Fact only to the extent that he was denied one day off by the principal for a religious observance and school administration demanded he call them during an observed Jewish holiday.

200.   Plaintiff disputes this Statement of Material Fact to the extent that he was denied one day off by the principal for a religious observance and school administration demanded he call them during an observed Jewish holiday.

201.   Plaintiff disputes this Statement of Material Fact to the extent that it is not disputed that he was denied reimbursement for kosher food by school administration on several occasions.

202.     Plaintiff disputes this Statement of Material Fact to the extent that it is not provided by administration but only was obtained by Plaintiff's own efforts and he was singled out regarding provision of the Smartboard.

203.     Plaintiff  disputes this Statement of Material Fact to the extent that it is based on self-serving testimony of defendant Robinson.

204.     Plaintiff  disputes this Statement of Material Fact to the extent that it is based on self-serving testimony of defendant Robinson.

205.     Plaintiff  disputes this Statement of Material Fact to the extent that it is based on self-serving testimony of defendant Robinson.

206.     Plaintiff  disputes this Statement of Material Fact to the extent that it is based on self-serving testimony of defendant Robinson, but does not dispute that he never received a ventilation hood by school administration.

207.     Plaintiff disputes this Statement of Material Fact to the extent that it is based on self-serving testimony of defendant Robinson.

208.     Plaintiff lacks sufficient knowledge or information regarding this Statement of Material Fact.

209.     Plaintiff lacks sufficient knowledge or information regarding this Statement of Material Fact.

210.     Plaintiff objects to this Statement of Material Fact as out of context and that it constitutes argument rather than fact.

211.     Plaintiff objects to this Statement of Material fact as out of context and that it constitutes argument rather than fact.

212.     Plaintiff objects to this Statement of Material fact only to the extent it is out of context.

213.     Plaintiff objects to this Statement of Material fact only to the extent it is out of context.

214.     Plaintiff objects to this Statement of Material fact only to the extent it is out of context.

Dated: New York, New York
        January 18, 2013

                            GLASS KRAKOWER LLP

                    By:     _____s/_____
                            Bryan D. Glass, Esq.
                            100 Church Street, 8th Floor
                            New York, NY 10007
                            (212) 537-6859

To: Michael A. Cardozo
    Corporation Counsel of the City of New York
    Attorney for Defendants
    100 Church Street, Room 2-140
    New York, New York   10007
    (212) 788-0922

Attn: Keri McNally
     Assistant Corporation Counsel